**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHANNA CORTES and JOSE MILLAYES,<br><br>Plaintiffs,<br><br>v.<br><br>BJ'S WHOLESALE CLUB, et al.,<br><br>Defendants. | Civil Action No: 16-5513-SDW-JAD<br><br>**OPINION**<br><br>December 19, 2019 |

**WIGENTON**, District Judge.

Before this Court is Defendant BJ's Wholesale Club Inc.'s ("Defendant") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's motion is **GRANTED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Defendant is a Delaware corporation with a principal place of business in Massachusetts and a retail store located in Linden, New Jersey ("the Club"). (D.E. 1 ¶ 1; 1-1 ¶ 1.)[1] Plaintiffs Johanna Cortes ("Cortes") and her husband Jose Millayes ("Millayes") (collectively, "Plaintiffs") are New Jersey residents. (D.E. 1 ¶¶ 2-3; 1-1 at 1.) On the morning of January 26, 2015, Cortes

---

[1] Citations to "D.E." refer to refer to the docket entries for the parties' motion papers, including briefs, affidavits, declarations, and statements of undisputed facts and the documents attached to and referenced therein.

fell while she and Millayes were shopping at the Club. (D.E. 51 ¶¶ 1, 4-5; 55 ¶¶ 1, 4-5.) Cortes alleges she slipped in a pool of water approximately two feet wide, created by melting snow from a cart left in the aisle. (D.E. 51 ¶ 6; 55 ¶ 6.) Nothing in the record indicates where the cart came from, who placed it in the aisle, how long it had been there prior to Cortes' fall, how much snow was on it or how much had melted, or how long the puddle of water had been on the floor. (D.E. 51 ¶¶ 7-8, 10; 55 ¶ 7-8.) Plaintiffs, who had been in the store for approximately thirty minutes prior to the incident, did not see water in any other part of the Club, nor is there any evidence that the Club's employees knew there was water in the aisle. (D.E. 51 ¶11; 55 ¶ 11.) The record also indicates that Defendant had numerous safety protocols in place including: morning and evening inspections which require a walkthrough of the entire premises; ongoing patrolling of the aisles; employee incentives to encourage attention to safety; and the assignment of "recovery" personnel "responsible for making sure the aisles are clear" and for alerting management to hazards. (D.E. 55-3 Ex. C at 20-24.)

On or about May 24, 2016, Plaintiffs filed suit against Defendant in the Superior Court of New Jersey, Union County, Law Division seeking damages for injuries sustained as a result of Defendant's alleged negligence. (D.E. 1-1.) Defendant removed to this Court on September 12, 2016, and subsequently moved for summary judgment. (D.E. 1; 51.) All briefs were timely filed. (D.E. 55, 57.)

**II.     LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002).

### III.     DISCUSSION

"In negligence cases under New Jersey law, a plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiffs injuries." *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 745 (3d Cir.1990); *see also Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 729 (D.N.J. 2016). For business owners, the duty of care requires that they "maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm." *Stelluti v. Casapenn Enter., LLC*, 1 A.3d 678, 691 (N.J. 2010). "Ordinarily an injured plaintiff asserting a breach of that duty must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). "Constructive knowledge refers to notice that a particular condition existed for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner . . . been reasonably diligent." *Kempf v. Target Corp.*, Civ. No. 06–1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing *Parmenter v. Jarvis Drug Store*, 138 A.2d 548, 550 (N.J. Super. App. Div.1957)). "In other words, an owner breaches his duty where he either has notice of a dangerous condition or if the condition existed for such a length of time that the owner should have

4

known of the condition and fails to remediate the problem." *Romeo*, 168 F. Supp. 3d at 732. The "mere showing of an incident causing [an] injury sued upon is not alone sufficient to authorize the finding of an incident of negligence." *Long v. Landy*, 171 A.2d 1, 6 (N.J. 1961).

There is no evidence in the record that any of the Club's employees had actual knowledge of the alleged dangerous condition. Therefore, the only question before this Court is whether Defendant had constructive knowledge of the hazard. The record indicates that Cortes did not see the water before she slipped. Neither Cortes nor Millayes knew how the cart came to be in the aisle, how long it had been there, how much snow was on it originally, how much had melted, or how long the puddle had been there. (D.E. 55-3 Ex. B at 189:1-190:14; Ex. C at 32:19-34:22.) Plaintiff did not recall seeing any "wheel marks, tire marks, or footmarks" in the water or other evidence that indicated that it had been walked through. (D.E. 55-3 Ex. B at 189:1-190:14.) Despite being in the store for thirty minutes prior to the incident, Plaintiffs did not see water in any other area of the Club. (D.E. 55-3 Ex. B at 60:9-61:13; Ex. C 34:8-17.) Plaintiffs have not alleged that there were employees in that area who could have become aware of the hazard. *Cf Romeo*, 168 F. Supp. 3d at 732 (noting that video footage showing the presence of an employee in the area of a spill created a genuine issue of material fact as to constructive knowledge). Nor have Plaintiffs provided evidence that Defendant's safety protocols had been suspended or ignored such that a dangerous condition would go unnoticed.

Rather, the record shows only that there was a puddle of water in one of the aisles that allegedly caused Cortes to slip. There is no admissible evidence that indicates precisely how long the cart had been in the aisle or who was responsible for its placement. Plaintiffs' contention that the cart had been allowed to remain in the aisle long enough for enough snow to melt to cause a "two-foot-wide puddle to accumulate on the ground," (D.E. 55 at 19), is an unsupported allegation

which, even if true, fails to create a genuine issue of material fact as to Defendant's constructive knowledge of the hazard. *See, e.g.*, *Hunt v. May Dep't Stores Co.*, 2007 WL 957338 (N.J. Super. Ct. App. Div. 2007) (finding plaintiff had failed to show constructive notice where there was no proof of how long water had been on floor before plaintiff slipped, even where four employees were in the area at the time of her fall); *Fleming v. Macy's East, Inc.*, 2008 WL 2951889 (N.J. Super. Ct. App. Div. 2008) (affirming trial court's grant of summary judgment where plaintiff slipped in an unseen puddle of water where trial court had found that although "the condition may have well occurred long enough to provide notice, but . . . there are insufficient proofs to come to that conclusion").[2] Therefore, Defendant's motion for summary judgment will be granted.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

                                                 /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Joseph A. Dickson, U.S.M.J.
     Parties

---

[2] Defendant also filed a motion *in limine* to preclude Plaintiffs from proffering Kelly-Ann Kimiecik, P.E. as an expert and to preclude her testimony as trial. (D.E. 50.) This motion will be dismissed as moot. To the extent that Plaintiffs argue that Ms. Kimiecik's expert report creates a genuine issue of material fact as to constructive notice, (D.E. 55 at 22), Plaintiffs' position is unpersuasive. Ms. Kimiecik's report was created four years after the events in question and does not contain any information regarding the conditions giving rise to the accumulation of water in the aisle, which is the core question as to Defendant's alleged constructive notice. (*See* D.E. 50-4 Ex. C.)